IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATHANIEL RICHARDSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 04-0293-CB-M |
| GEORGIA PACIFIC CORPORATION, | ) | |
| Defendant. | ) | |

**OPINION and ORDER**

This matter is before the Court on two related motions–defendant's motion for summary judgment and plaintiff's motion for leave to amend the complaint. (Docs. 35 & 39.)  In its motion for summary judgment, defendant asserts, *inter alia*, that plaintiff's claims, all of which are asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, are time barred because the complaint was not filed within Title VII's limitations period.  In response, plaintiff has not addressed the limitations issue directly.  He has, however, filed a motion for leave to amend the complaint to seek relief under 42 U.S.C. § 1981.

**Findings of Fact**[1]

On August 4, 2003, plaintiff Nathaniel Richardson, with assistance of counsel, filed a charge of discrimination with the EEOC about the matters that are the subject of this lawsuit. On February 3, 2004, Richardson received his right-to-sue letter from the EEOC.  That letter explained that the right to

---

[1] Because the Court finds the limitations issue to be dispositive, only the facts relevant to that issue are set out.

sue on the EEOC charge would be lost if plaintiff did not file a lawsuit within 90 days of receipt of the notice. Plaintiff filed the instant action on Tuesday, May 4, 2004–91 days later.

The Rule 16(b) scheduling entered in this case on November 19, 2004, set December 21, 2004 as the deadline for amending pleadings, March 11, 2005 as the discovery cutoff date, and April 1, 2005 as the deadline for filing dispositive motions. On April 1, 2005, defendant filed its motion for summary judgment. On April 21, 2005, plaintiff filed both his summary judgment response and a motion for leave to amend the complaint.

**Legal Analysis**

    **Motion for Leave to Amend**

A motion for leave to amend filed after the deadline for amending pleadings set forth in the scheduling order is governed by the stricter standard for amendment set forth in Rule16(b) rather than the "liberal amendment standard set out in Federal Rule of Civil Procedure 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause." Therefore, plaintiff is required to demonstrate "good cause" for his failure to amend to add § 1981 claims. Plaintiff has offered no reason, much less demonstrated good cause, for his failure to seek leave to amend within the time period set forth in the Rule 16(b) scheduling order. Therefore, the motion for leave to amend is due to be denied.

    **Motion for Summary Judgment**

Title VII requires that an aggrieved party must file suit within 90 days of receipt of the right-to-

sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). This limitations period is strictly construed.[2] *Baldwin County Welcome Center v. Brown,* 466 U.S. 147 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") In *Norris v. Florida Health and Rehab. Serv.,* 730 F.2d 682 (11th Cir. 1984) (per curiam), the Eleventh Circuit held that a lawsuit filed 91 days after plaintiff received his right-to-sue letter was time barred. *Accord Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251 (3rd Cir. 1986) (affirming dismissal of Title VII action brought 91 days after receipt of right-to-sue letter). Because plaintiff Richardson did not file suit within 90 days after he received his right-to-sue letter, this action is due to be dismissed as untimely.

**Conclusion**

Plaintiff's claims under Title VII are time barred, and his motion for leave to amend his complaint to assert claims under § 1983 comes too late. Accordingly, plaintiff's motion for leave to amend is **DENIED**, and defendant's motion for summary judgment is **GRANTED**.

**DONE** and **ORDERED** this the 26th day of May, 2005.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

[2]The Supreme Court has recognized that the doctrine of equitable tolling may apply to extend the limitations period in some cases, *Baldwin County*, 466 U.S. at 152. However, plaintiff has not asserted any ground for doing so in this case.